2012 UT App 207

Preston ATAMANCZYK, Petitioner,

v.

DEPARTMENT OF WORKFORCE
SERVICES, Respondent.

No. 20120409–CA.

Court of Appeals of Utah.

July 27, 2012.

Before Judges McHUGH, DAVIS, and
CHRISTIANSEN.

### DECISION

PER CURIAM:

¶ 1 Preston Atamanczyk seeks judicial re-
view of the Workforce Board of Appeals's
(Board) April 20, 2012 decision. This matter
is before the court on a sua sponte motion for
summary disposition. We decline to disturb
the Board's decision.

¶ 2 Atamanczyk challenges the
Board's decision denying his request for un-
employment benefits on the ground that he
refused to accept an offer of suitable new
work. An individual is ineligible for unem-
ployment benefits if the claimant has failed,
without good cause, to properly apply for
available, suitable work or to accept a refer-
ral to suitable work offered by an employer
or the employment office. *See* Utah Code
Ann. § 35A–4–405(3)(a) (2012). It is consid-
ered a refusal of new work when a claimant
engages in conduct which discourages an of-
fer of work, places unreasonable barriers to
employment, or accepts an offer of new work
but imposes unreasonable conditions which
cause the offer to be rescinded. *See* Utah
Admin. Code R994–405–304. An agency's
findings of fact are accorded substantial def-
erence and will not be overturned if they are
based on substantial evidence, even if anoth-
er conclusion from the evidence is permissi-
ble. *See Hurley v. Board of Review of In-
dus. Comm'n,* 767 P.2d 524, 526–27 (Utah
1988). This court will not disturb the
Board's application of law to its factual find-
ings unless its determination exceeds the
bounds of reasonableness and rationality.
*See Johnson v. Department of Emp't Sec.,*
782 P.2d 965, 968 (Utah Ct.App.1989).

¶ 3 The Board found that Atamanczyk in-
formed Strategic Staffing that he would not
accept work assignments that paid him less
than fifteen dollars per hour. The Board
determined that by placing this restriction on
employment assignments, Atamanczyk creat-

ed unreasonable barriers to his employment, and he effectively failed to accept an offer of suitable new work by setting a condition on his employment that was unreasonable under the circumstances. Based on these findings, the Board determined that Atamanczyk was not entitled to benefits under Utah Code section 35A–4–405(3)(a). *See* Utah Code Ann. § 35A–4–405(3)(a).

¶ 4 The Board's decision denying benefits is supported by substantial evidence. Moreover, Atamanczyk fails to provide this court with any legal argument or analysis demonstrating that the Board erred in reaching its decision. Under such circumstances, we cannot say that the denial of benefits to Adamanczyk exceeded the bounds of reasonableness and rationality. *See Nelson v. Dep't of Emp't Sec.*, 801 P.2d 158, 161 (Utah Ct.App. 1990).

¶ 5 Accordingly, the Board's decision is affirmed.